IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARC THORNTON, (R42051), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 14 C 50176 |
| | ) | |
| ERIC WEIS, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff's motion for leave to proceed *in forma pauperis* [3], is granted. The Court orders the trust fund officer at Plaintiff's place of incarceration to deduct $1.00 from Plaintiff's account for payment to the Clerk of Court as an initial partial filing fee, and to continue making monthly deductions in accordance with this order. The clerk shall send a copy of this order to the trust fund officer at the Dixon Correctional Center. The complaint [1], is dismissed on initial review pursuant to 28 U.S.C. § 1915A. Plaintiff is assessed a strike. 28 U.S.C. § 1915(g). The clerk is requested to enter a Rule 58 Judgment in favor of Defendants against Plaintiff. Plaintiff's motion for attorney representation [4], and any other pending motions, are denied as moot. Civil Case Terminated.

## STATEMENT

Pro se Plaintiff Marc Thornton, a Dixon Correctional Center inmate, has brought a civil rights suit pursuant to 42 U.S.C. § 1983. Pending before the Court are Plaintiff's motion for leave to proceed *in forma pauperis* [3], complaint for an initial review pursuant to 28 U.S.C. § 1915A [1], and motion for attorney representation. [4].

Plaintiff's motion for leave to proceed *in forma pauperis* [3], is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $1.00. The trust fund officer at Plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, Plaintiff's trust fund officer is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is

paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and this case number. This payment obligation will follow Plaintiff wherever he may be transferred.

The Court is required to dismiss a suit brought *in forma pauperis* if it determines that the complaint is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a Defendant who is immune from such relief. 28 U.S.C. § 1915A. The following facts, drawn from Plaintiff's complaint (Dkt. No. 1), are accepted as true and all reasonable inferences are made in the light most favorable to Plaintiff. *Parish v. City of Elkhart*, 614 F.3d 677, 679 (7th Cir. 2010) (citing *Johnson v. Rivera*, 272 F.3d 519, 520 (7th Cir. 2001)). This Court also "construe[s] pro se complaints liberally and hold[s] them to a less stringent standard than formal pleadings drafted by lawyers." *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009) (citing *Erickson v. Pardus*, 551 U.S 89, 94 (2007) (per curiam); *Obriecht v. Raemisch*, 417 F.3d 489, 492 n.2 (7th Cir. 2008)).

Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the Defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly,* 550 U.S. 544, 555 (2007) (citation omitted). Under the federal notice pleading standards, Plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 570). "In evaluating the sufficiency of the complaint, [the Court] view it in the light most favorable to the Plaintiff, taking as true all well-pleaded factual allegations and making all possible inferences from the allegations in the Plaintiff's favor." *AnchorBank, FSB v. Hofer,* 649 F.3d 610, 614 (7th Cir. 2011).

Plaintiff brings suit regarding the partial denial of a Freedom of Information Act (FOIA) request made of the Kendall County State's Attorney's office. Illinois's FOIA law, 5 ILCS 140/1, *et seq.*, allows requests of documents held by Illinois state and local governments. Plaintiff's requested all Kendall County State's Attorney emails between 2006 and 2012 that contained subject matter relating to him.

On July 15, 2014, the State's Attorney's FOIA officer provided some documents, but explain that others could not be provided because they were exempt from disclosure under the FOIA law. These emails included matters related to law enforcement activities, correctional facilities, drafts of documents, and confidential attorney communications. The FOIA officer also explained that under Illinois's FOIA law, Plaintiff could seek review of the decision before the Illinois Public

Access Counselor in the Illinois Attorney General's Office. If dissatisfied with that decision, Plaintiff could obtain judicial review in the Illinois Courts. Plaintiff apparently decided not to pursue those additional remedies because he brought the present suit in this Court a month after the State's Attorney's FOIA decision.

Plaintiff seeks both disclosure of the documents and monetary relief. He argues that the FOIA officer misapplied the FOIA law.

Plaintiff's claims are rejected because he is arguing that he is entitled to documents under Illinois's FOIA law. A suit under 42 U.S.C. § 1983 cannot be brought for an alleged violation of state law. *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003). Additionally, there is no free standing federal constitutional right to a general disclosure of government documents in this type of situation. *Houchins v. KQED, Inc.*, 438 U.S. 1, 15-16 (1978). The case is dismissed.[1]

Plaintiff is warned that if a prisoner accumulates a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, (i.e, "strikes"), that prisoner may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). A prisoner with three strikes under § 1915(g) is also required to alert a federal court of this fact when filing a new suit in that Court. *See Ammons v. Gerlinger*, 547 F.3d 724, 725 (7th Cir. 2008) (citing *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999)). Failure to inform any new Court of three prior strikes would result in an automatic dismissal of the new case while still requiring payment of the filing fee, and barring any future litigation (other than criminal cases and petitions challenging the terms of confinement) until the filing fee is paid in full. *Sloan*, 181 F.3d at 859.

If plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(1).

---

[1] As additional points, a request for injunctive relief would run into the abstention principles. Plaintiff can seek the documents he wishes through the Illinois statutory framework of seeking review before the Illinois Attorney General's Public Access officer, and then judicial review in the Illinois Courts. Plaintiff appears to have ignored those avenues of review. The Court sees no reason to interfere with Illinois FOIA framework.

As a second point, any claim for monetary relief would be barred by absolute immunity. Defendants receive absolute immunity for their decisions when they perform a quasi-judicial function. *Capra v. Cook County Bd. of Review*, 733 F.3d 705, 709 (7th Cir. 2013). The State's Attorney FOIA officer acted in a quasi-judicial setting by applying an Illinois statute to a FOIA request resulting in a FOIA decision.

A motion for leave to appeal *in forma pauperis* should set forth the issues plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). Should plaintiff choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal. *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

ENTERED:

Dated: September 3, 2014

_____
FREDERICK J. KAPALA
United States District Court Judge