**FILED**
**9/3/2014**
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

# United States District Court

Northern District of Illinois
Rockford, IL

Marc Thornton ,

        Plaintiff

    vs.

Eric Weis
Leslie Johnson
John Doe #1

        Defendant(s)

Case No. 14 C 50176
*(The case number will be assigned by the clerk)*

*(List the full name of ALL plaintiffs and defendants in the caption above. If you need more room, attach a separate caption page in the above format).*

## COMPLAINT

*Indicate below the federal legal basis for your complaint, if known. This form is designed primarily for pro se prisoners challenging the constitutionality of their conditions of confinement, claims which are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "Bivens" action (against federal defendants). However, 42 U.S.C. § 1983 and "Bivens" do not cover all prisoners' claims. Many prisoners' legal claims arise from other federal laws. Your particular claim may be based on different or additional sources of federal law. You may adapt this form to your claim or draft your own complaint.*

☐   42 U.S.C. §1983 (state, county or municipal defendants)

☐   Action under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971)(federal defendants)

☐   Other federal law: _____

☒   Unknown _____

*\*Please refer to the instructions when filling out this complaint. Prisoners are not required to use this form or to answer all the questions on this form in order to file a complaint. This is not the form to file a habeas corpus petition.*

# I. FEDERAL JURISDICTION

Jurisdiction is based on 28 U.S.C. § 1331, a civil action arising under the United States Constitution or other federal law. *(You may assert a different jurisdictional basis, if appropriate).*

# II. PARTIES

A. Plaintiff:

Full Name: Marc Thornton

Prison Identification Number: R42051

Current address: c/o Dixon.cc 2600 N. Brinton Ave Dixon, IL 61021

*For additional plaintiffs, provide the information in the same format as above on a separate page. If there is more than one plaintiff, each plaintiff must sign the Complaint, and each plaintiff is responsible for paying his or her own complete, separate filing fee.*

B. Defendants

Defendant #1:

Full Name: Eric ~~Wies~~ Weis

Current Job Title: Kendall County States Attorney

Current Work Address: 807 W. John St Yorkville IL 60560

Defendant #2:

Full Name: Leslie Johnson

Current Job Title: Ass. State. Att.

Current Work Address: 807 W. John St Yorkville IL 60560

Defendant #3:

Full Name: John Doe #1

2

Current Job Title: __Affilate of the Kendall Co State__
Current Work Address __attorney office, Other__

Defendant #4:

Full Name: _____

Current Job Title: _____

Current Work Address _____

_____

Defendant #5:

Full Name: _____

Current Job Title: _____

Current Work Address _____

_____

*For additional defendants, provide the information in the same format as above on a separate page.*

### III. LITIGATION HISTORY

The "three strikes rule" bars a prisoner from bringing a civil action or appeal *in forma pauperis* in federal court if that prisoner has "on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

A. Have you brought any other lawsuits in state or federal court dealing with the same facts involved in this case?   Yes ☐   No ☒

If yes, please describe _____

_____

B. Have you brought any other lawsuits in federal court while incarcerated?

Yes ☒   No ☐

3

C. If your answer to B is yes, how many? 2 ~~3~~ Describe the lawsuit(s) below.

1. Name of Case, Court and Docket Number 3:12-CV-700-MJR

2. Basic claim made Cruel & Unusual Punishment

3. Disposition (That is, how did the case end? Was the case dismissed? Was it appealed? Is it still pending?) Pending

*For additional cases, provide the above information in the same format on a separate page.*

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

*Prisoners must exhaust available administrative remedies before filing an action in federal court about prison conditions. 42 U.S.C. § 1997e(a). You are not required to allege or prove exhaustion of administrative remedies in the complaint. However, your case must be dismissed if the defendants show that you have not exhausted your administrative remedies, or if lack of exhaustion is clear from the complaint and its attachments. You may attach copies of materials relating to exhaustion, such as grievances, appeals, and official responses. These materials are not required to file a complaint, but they may assist the court in understanding your claim.*

A. Is there a grievance procedure available at your institution? Yes ☒ No ☐

B. Have you filed a grievance concerning the facts relating to this complaint?

Yes ☐ No ☒

If your answer is no, explain why not N.A. to this case

C. Is the grievance process completed? Yes ☐ No ☐

1. 3:14 CV 3213-CSB-DGB
   Thornton v. Doe et.al.

2. Extension of incarceration

3. ~~Pending~~ Dismissed

## V. STATEMENT OF CLAIM

Place(s) of the occurrence ___Kendall County States Attorney Office___

Date(s) of the occurrence ___July, 2014___

*State here briefly the FACTS that support your case. Describe what each defendant did to violate your federal rights. You do not need to give any legal arguments or cite cases or statutes. Number each claim in a separate paragraph. Unrelated claims should be raised in a separate civil action.*

THE COURT URGES YOU TO USE ONLY THE SPACE PROVIDED. *Federal Rule of Civil Procedure 8(a) requires only a "short and plain statement" of your claim showing that you are entitled to relief. It is best to include only the basic, relevant facts, including dates, places, and names.*

1. Kendall County State Attorney Eric Weis, his office, and his Assistant Leslie Johnson who is also the Freedom of Information Act Officer, wrongfully denied my right to access public records in thier control; See Exhibit A for listings of denied records.

2. Ms Johnson cited 5 ILCS 140/7 et. al. as a reference for her exemptions. The statutes themselfs are unconstitutional, or are made to be as applied by Ms. Johnson. (~~scribbled out~~)

3. Ms Johnson's stated reasons for individual exemptions/Denials are overly broad, insubstantial and lack merit. Also, she failed to provide records that could have been redacted where applicable.

4. This part deals with other types of violations comitted against plaintiff by the S.A.O. and/or an affiliate John Doe thereof. It should be noted that: Plaintiff has been incarcerated based upon multiple investigations conducted by the SAO, or an agency affiliated with it, for 4 years and →

5

→ for certain seperate acts and subsequent convictions for the same, That:

A. ... in Exhibit A, Ms Johnson admits that the SAO, or thier John Doe affiliates, used "... unique or specialized investigative techniques other than those generally used and known. [That if disclosed] would result in demonstrable harm to the the S.A.O." (see Doc # MT 165-66, Exhibit A) It begs the question that this statement indicates that the SAO has knowlege of, or that they themselfs, caused, infringments of Plaintiffs rights. That the infringments might have caused or resulted in loss of liberty or other actual damages, and that the statement is subterfuge ment to hide thiers, or John Does, liability to plaintiff for certain damages;

B. With respect to the above, probable cause or enough suspision exists, based on those admissions, that illegal, unwarranted, covert black ops, or some sort of highly inappropriate acts has already occoured that could have, and likely did, violate Plaintiffs rights. Because of this, a general investigation is warranted, at least, and should be had begining with discovery proceedures in order to scrutinize said doccuments, possibly by an impartial party, and ultimatly to amend this instant complaint to include any other violations that are found, if any;

~~[scribbled out line]~~

6

5. (a) Ms. Johnson's denials for both, MT 158-166 & MT 158-166 (see Exhibit A) state that disclosure of those documents would interfere with "... reasonably contemplated law enforcement proceedings conducted by the SAO" and "...would obstruct an ongoing investigation".

720 ILCS 5/3-5 et al. supersedes those descriptions for denial in that the 'limitations' statute has already, almost, lapsed <u>twice</u> over the time limits set by law for <u>any</u> possible prosecution for <u>any possible</u> now historic acts that the SAO was contemplating for prosecution. Therefore, any matters contained within MT 158-166 are unprosecutable thereby negating the sensitivity of said documents as described by Ms Johnson and they should be available to the public in the interests of the public.

(b) The general indications of Ms Johnsons statements throughout her FOIA response (Exhibit A) suggests the the SAO has "Profiled" Plaintiff and is on a continuing 'fishing expedition'; ...
~~[struck through text]~~

7

(cont.)

... Ms Johnson admits that the SAO currently, even after a minumum of 4 years, is engaged in "... pending or actualy and reasonably contenplated law enforcement proceedings conducted by the SAO." (see Exhibt A)

By the use of this language, the SAO admits that, despite 'limitations statutes', 720 5/3-5, ongoing investigations into Plaintiffs private life are meant to continue on an unceasing and unending basis which is clearly a violation of Plaintiffs right to be free from such intrusions and harrassments of privacy. ~~and therefore,~~ .720 ILCS 5/3-5 etal should have guarenteed that my rights to be free of ~~investigations~~ unwarrented intrusions of privacy was restored based upon the dates of the limitations and as described by law. Therefore, her admissions ~~that~~ of the SAO's unremitting fishing project is illegal.

8

#6   Ms Johnsons repeated denials that describe "...the disclosure of information... ...would unavoidably disclose the identity of a confidential source." is moot. The identity of the confidential source is a person named 'Joshua Bird'. This information has been disclosed by Eric Weis during discovery proceedures in a previous, now historic, trial. Mr. Weis and Ms Johnson are both fully aware that the SAO has previously tendered the sources identity to me via documents (see Exhibit B), and also that the source ~~app~~ made his apperance to the public in open court where he freely admitted to his role as "Confidential informant", thereby voiding his own expectations to remain anoniinous under the protections of this Act.

9

RELIEF REQUESTED

(State what relief you want from the court.)

1. Injuctive relief, being an Order of this Court directing the defendants to release to Plaintiff the documents listed in Exhibit A;

2. That discovery proceedures, or other investigation methods, be permitted for the purpose of discovering what bad acts and violations against Plaintiff occured as described in this complaint, and that amendments be made to this instant case as violations are discovered, if any;

3.

B4. Monetary award for damages ~~, to be determined and/or amended throughout the course of proceedings, and~~ not to exceed $200,000.00 ~~[scribbled out]~~

JURY DEMAND    Yes ☒    No ☐

Signed this ___July___ day of ___30___, 20_14_.

_Marc Thornton_
( Signature of Plaintiff)

| Name of Plaintiff: | Inmate Identification Number: |
|---|---|
| Address: | Telephone Number: |

That the court issue a cease and disist order to the SAO and its affiliates to desist in thier fishing expiditions and intrusions into the privacy of plaintiff.

87

10

Exhibit A

# Eric Weis
**State's Attorney**



**Office of the
State's Attorney
Kendall County, Illinois**

---

Kendall County Courthouse  
807 W. John St.  
Yorkville, IL 60560

Main: (630) 553-4157  
Fax:  (630) 553-4204

## PARTIAL APPROVAL AND PARTIAL DENIAL OF REQUEST FOR RECORDS

TO:    Marc Thornton, R42051, c/o Dixon Correctional Center, 2600 N. Brinton Avenue, Dixon, IL 61021

DATE:  July 15, 2014

We are in receipt of your Freedom of Information Act (FOIA) request dated June 26, 2014 and received via U.S. mail on June 30, 2014. In your FOIA request, you seek "copies of e-mails, sent or received, by any State Attorney or assistants in the Kendall County S.A. office that contain any subject matter regarding the person named Marc L. Thornton DOB 6-5-73, between the dates of 1-1-6 through 1-1-13." Pursuant to 5 ILCS 140/3(e), we sent you a letter dated July 8, 2014, notifying you that the time for our response to your FOIA request was extended for five (5) additional business days from the original due date. This letter serves as our response to your FOIA request dated June 26, 2014.

### I. Partial Denial of Request

_____    Your request for records is hereby denied in its entirety. The reason(s) for denial are stated in Section IV below.

__X__   Your request for records is granted in part and denied in part. The records for which your request has been denied are identified in the attached Exhibit 1. The records for which your request is approved (MT42-45, MT92, MT143, MT146, MT148-151, MT153-156, and MT172-175) are available for pick up at the Kendall County State's Attorney's Office anytime during normal business hours.

### II. The Persons Responsible for the Denial:

The individual who is responsible for the denial of access to the requested records is: Leslie Johnson, Assistant State's Attorney and Freedom of Information Act Officer for the Kendall County State's Attorney's Office. Ms. Johnson's contact information is provided above.

### III. The Reasons For The Denial:

The reasons why your request for records is denied in part are identified in the attached Exhibit 1.

Exhibit A

IV. **Notice of the Right to Review by The Public Access Counselor and Notice of Right to Judicial Review**

You have the right to file a request for review by the Public Access Counselor of the Office of the Illinois Attorney General. The Public Access Counselor may be contacted at 500 South 2nd Street, Springfield, Illinois 62706, or by telephone at (217) 558-0486. Pursuant to the Illinois Freedom of Information Act, you also have the right to seek judicial review of this denial.

If you have any questions regarding the above information, please contact the undersigned.

Very truly yours,

*[signature]*

Leslie J. Johnson
Freedom of Information Act Officer
Assistant State's Attorney
Kendall County, Illinois

Enclosure (1)

**EXHIBIT 1**
Documents That Are Exempt From Production In Response To Marc Thornton's FOIA Request

| EXEMPTIONS | DOCUMENT NOS. | DESCRIPTION |
|---|---|---|
| 5 ILCS 140/7(1)(d)(i) | MT158-166 *720 5/3-5 (b) Limitations #1 of 2* | These records are in the possession of the Kendall County State's Attorney's Office, and the records were created for law enforcement purposes. The disclosure of the information contained in these records would interfere with pending or actually and reasonably contemplated law enforcement proceedings conducted by the Kendall County State's Attorney's Office. |
| 5 ILCS 140/7(1)(d)(iv) | MT158-166 | These records are in the possession of the Kendall County State's Attorney's Office, and the records were created for law enforcement purposes. The disclosure of the information contained in these records would unavoidably disclose the identity of a confidential source, confidential information furnished only by the confidential source, or persons who file complaints with or provide information to the Kendall County State's Attorney's Office and/or other law enforcement agencies. |
| 5 ILCS 140/7(1)(d)(v) | MT165-166 | These records are in the possession of the Kendall County State's Attorney's Office, and the records were created for law enforcement purposes. The disclosure of the information contained in these records would disclose unique or specialized investigative techniques other than those generally used and known. Also, the disclosure of said records would result in demonstrable harm to the Kendall County State's Attorney's Office. |

Page 1

| EXEMPTIONS | DOCUMENT NOS. | DESCRIPTION |
|---|---|---|
| 5 ILCS 140/7(1)(d)(vi) | MT158-166 | These records are in the possession of the Kendall County State's Attorney's Office, and the records were created for law enforcement purposes. The disclosure of the information contained in these records would endanger the life or physical safety of law enforcement personnel and/or other persons such as confidential informants. |
| 5 ILCS 140/7(1)(d)(vii) | MT158-166 *Limitations #2 →* | These records are in the possession of the Kendall County State's Attorney's Office, and the records were created for law enforcement purposes. The disclosure of the information contained in these records would obstruct an ongoing criminal investigation. |
| 5 ILCS 140/7(1)(e) | MT178-181 | These records relate to or affect the security of correctional institutions and detention facilities. |
| 5 ILCS 140/7(1)(f) | MT79-86, MT95-97, MT167-171 | The requested records are preliminary drafts, notes, recommendations, memoranda, or other records in which opinions are expressed or policies or actions are formulated. |
| 5 ILCS 140/7(1)(m) | MT1-41, MT46-91, MT93-142, MT143-145, MT147, MT152, MT157, MT167-171, MT176-181 | These records are communications between a public body and an attorney representing the public body that would not be subject to discovery in litigation, and materials prepared or compiled by or for a public body in anticipation of a civil and/or criminal proceeding upon the request of an attorney advising the public body. |

Sent to PAC on 7/31/14

8/1/14

Dear PAC officer,

Hello. Enclosed is a copy of my FOIA request to the Kendall County States Attorney office, and thier reply. I am requesting a "review" to challenge the verocity of:

1. The denials for records;

2. The failure of the KCSA FOIA officer to provide copies of the "granted" documents via USPS as required by law. (see Exhibit A, I "... pick up at the KCSAO anytime..."

Please review these issues and direct Ms Leslie Johnson FOIA office to provide the documents in accordance with the directives of the FOIA act. Thank you.

Marc Thornton
95 Stainfield Dr
Plano IL 60545

Sincerely
Marc

IN THE
US Districe Court
of Illinas
Northern District
Rockford, IL

MARC Thornton
Plaintiff,

v.

Case No. _____

Wies, Johnson, John Doe #1
Defendant

## PROOF/CERTIFICATE OF SERVICE

TO: US Court Clerk
Northern Dist.
211 S. Court St
Rockford Illinois
61101

TO: _____

PLEASE TAKE NOTICE that on July 31, 2014, I have placed the documents listed below in the institutional mail at Dixon Correctional Center, properly addressed to the parties listed above for mailing through the United States Postal Service: Complaint, Motion Infora Papers Appointment of Council

Pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/1-109, I declare, under penalty of perjury, that I am a named party in the above action, that I have read the above documents, and that the information contained therein is true and correct to the best of my knowledge.

DATE: 7/31/14

/s/ Marc Thornton
NAME: MARC THORNTON
IDOC#: R42051
Dixon Correctional Center
P.O. BOX ____
_____, IL ____

Subscribed and Sworn to before me
this 31st day of July, 2014.

Sally G. Joos
Notary Public

"OFFICIAL SEAL"
SALLY A. JOOS
Notary Public, State of Illinois
My Commission Expires 07/12/2016

Revised Jan 2002

Thornton, R11205T
% Dixon I.C.
2600 N. Brinton Ave
Dixon, IL
61021

Clerk of the Court
US Dist, North
211 S. Court St
Rockford, IL
61101

